**Romeo W. DUBE and Juliette L. Dube**

v.

**Joseph J. McIVER and Roland Rankin, Sr.**

Supreme Judicial Court of Maine.

Argued Jan. 20, 1981.

Decided July 7, 1981.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Phillip E. Johnson (orally), Augusta, for plaintiff.

Locke, Campbell & Chapman, Nicholas M. Lanzilotta (orally), Augusta, for defendant.

Before WERNICK, GODFREY, NICHOLS, ROBERTS and CARTER, JJ., and DUFRESNE, A.R.J.

WERNICK, Justice.

Defendants Joseph J. McIver and Roland Rankin have appealed from a judgment entered on the verdict of a jury in the Superior Court (Kennebec County). The judgment adjudicated that defendants were liable to plaintiff Romeo W. Dube in the amount of $144,500, as compensation to him for his past and future medical expenses, lost wages and pain and suffering resulting from an automobile collision.[1]

On February 17, 1975, a semi-tractor trailer truck driven by defendant McIver, acting as agent for defendant Rankin, struck from the rear the automobile being operated by plaintiff Romeo Dube.

Plaintiff began suffering back pain immediately after the collision. For a period of approximately one year thereafter, he made sporadic attempts to return to his job at Statler Tissue and sought treatment from five different physicians. Eventually, after exploratory surgery, neurosurgeon Dr. Theodore Dela Cruz found a protruding disc. On April 15, 1976 Dr. Dela Cruz performed a hemilaminectomy at the level of the L5/S1 vertebra. After this operation the plaintiff's condition showed some improvement; he returned to work and suffered less pain. Within a year of the operation, however, plaintiff's condition deteriorated, and, eventually, Dr. Dela Cruz discovered a second ruptured disc at the L4/L5 level.

On July 12, 1978 plaintiffs instituted the present civil action seeking damages for injury caused them by defendants' negligence. On the issue of damages the parties stipulated that a man of plaintiff's age and health would have a normal life expectancy of 22 years and a future work expectancy of 12 years. The testimony of plaintiff Romeo Dube was that he had not been able to return to his job since January 10, 1978 and that his back condition, causing pain and numbness to radiate down one leg, precluded him from sitting or standing comfortably for longer than 30 minutes at a time. He also presented documentary evidence of his medical bills and lost wages from the date of the collision to the time of trial, as well as wage records showing the current salary of the last position he held with his employer. Several physicians testified concerning plaintiff's present medical condition. Dr. Dela Cruz stated that plaintiff was suffering at least fifteen percent permanent impairment and would be unable to sustain a job on a full-time basis. Dr. Robinson Bidwell, stating that plaintiff has

"a partial permanent disability for heavy work with ability to do light to medium work",

gave opinion evidence that plaintiff had a thirty percent disability.

The presiding justice instructed the jury that if it found for the plaintiff Romeo Dube, it must discount to present worth all amounts of future damages. Plaintiff's counsel objected to this instruction during a bench conference held after the charge to the jury was completed, the ground of objection being that, absent expert testimony, the jury would be left to undertake the discounting function without adequate guidance. Counsel for the defendants added the comment: "That is speculative. Inflation is speculative." The presiding justice then formally noted plaintiff's objection to the "discounting" instruction. Thereafter, but still during the bench con-

1. The jury decided against plaintiff Juliette L. Dube, wife of Romeo, on her claim for loss of consortium sustained in consequence of the injury to her husband.

ference, plaintiff's counsel requested that the presiding justice instruct the jury about the effect of inflation on the amount of dollars to be awarded as damages. Defense counsel did not object, and the justice gave the jury the following instruction:

"Ladies and gentlemen, I told you that as far as any future award is concerned you must reduce it down to its present net worth. I also want to tell you that you may take into consideration the effect that inflation has upon the value of the dollar, and what you expect, and what you assume might happen in the future period that we are talking about in this case as to whether we are going to have inflation for a particular period of time, or whether at some point we might have a deflation, so that is also something that the jury may take into consideration."

The jury returned a verdict for plaintiff Romeo Dube in the amount of $144,500 and found for defendants on Juliette Dube's claim for loss of consortium. Defendants filed a motion for new trial which was denied after a hearing.

On appeal, defendants raise no issue regarding liability. They concentrate their attack on the award of damages, contending that (1) the justice erred in giving an instruction regarding the effect of inflation, and (2) the amount of damages awarded was excessive.

For the purposes of this appeal, we will assume that defendants adequately saved a claim of error regarding the content of the justice's "inflation" instruction,[2] as well as to its having been given at all.[3] Given these assumptions, defendants bear the burden of demonstrating that they were prejudiced by the duly saved error.

This Court has recently discussed the standard for evaluating the existence of prejudice as claimed to arise from an error affecting only the size of the amount of damages awarded.[4] In *Michaud v. Steckino*, Me., 390 A.2d 524 (1978) the alleged error was the admission of certain medical testimony claimed to have inflated the amount of damages awarded. While concluding that defendant had failed adequately to preserve the claim of error, we nevertheless went on to say:

"Additionally, a review of the evidence convinces us that the admission of the doctors' description of the possible disc operations which they had not as yet recommended, even if the defendant's objections had been timely taken, did not in this case prejudice the defendant in connection with the amount of the damages the jury awarded the plaintiff. It was stipulated that the plaintiff had a life expectancy of twenty-one years and a work time potential of thirteen years. The jury could find from the evidence that the plaintiff was permanently disabled to the extent of forty percent of his body, that he would be unable personally to participate in his tree removal and paving business during the thirteen years of his work expectancy and that for the rest of his life he would be tormented by the pain and suffering which has been his lot since the accident. We cannot say that it would have been unreasonable for the jury to render the award which they did, even if the evidence of the possible disc operations had been kept out of the case." *Id.*, at 532.

In short, *Michaud v. Steckino* makes the point that an error affecting only the size of the damages award will be deemed harmless unless the party claiming to be prejudiced by the error shows that in any event, even if the error had not occurred, the amount of damages the jury awarded was not rationally supportable on the evi-

---

**2.** It is arguable that defense counsel's cryptic comments during the post-charge bench conference were not a distinct statement of the matter to which he was objecting and of the ground of objection. Rule 51(b) M.R.Civ.P.

**3.** We intimate no opinion on the propriety of giving an instruction authorizing the jury to take the effect of inflation and deflation into account in determining the amount of damages to be awarded for future injury.

**4.** There is no claim, here, that the inflation charge had any effect on the jury's determination of the liability issue.

dence and must be held excessive. Implicit in *Michaud* is the proposition that where a verdict contains a component, the award of which can only be based on an erroneous instruction or the consideration of inadmissible evidence, the verdict is subject to attack to the extent of the erroneously formulated component.

Hence, here, we must determine whether the defendants have demonstrated that the jury's total award of damages was excessive or inclusive of an improper component. We decide that they have not, and we therefore deny the appeal and affirm the Superior Court judgment.

The jury had before it evidence of medical bills in the amount of $6,496.79 for services and care provided prior to trial. Plaintiff Romeo's treating physician testified regarding the likelihood of future medical and hospital expense. Wage records in evidence showed a wage loss of $40,760.05 prior to trial, arising because Romeo's injury prevented him from returning to his job.

At the time of trial, the annual salary of the job previously held by Romeo was $14,-859.52, and given the stipulation of a twelve year work expectancy, he maintains that the jury could rationally have found his future wage loss to be $178,314.24. On the other hand, defendants contend that this figure is realistic only if it is assumed that Romeo is totally and permanently disabled, an assumption defendants say is not tenable in light of the medical evidence to the contrary. Yet, even if defendants may be correct in this particular regard, the record as a whole provides a rational basis for the jury to have found that Romeo's injury will result in continued and substantial wage loss. He has little education and no vocational training; he has worked only in one industry since 1955 in a variety of jobs, all of them requiring a substantial amount of physical activity and heavy lifting. His work history since the collision is evidence that the collision may well preclude him from having this type of employment in the future. In addition, the record contains evidence on which a rational jury could make a substantial award for past, present and future pain and suffering.

On the totality of the evidence, in short, the jury's award of $144,500 was rationally based and, therefore, was not excessive.

The entry shall be:

Appeal denied; judgment affirmed.

All concurring.